UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| BILLY A. MATHES, #309554 ) | |
| ) | |
| v. ) | NO. 2:07-CV-81 |
| ) | |
| SHERIFF STEVE BURNS, GREENE ) | |
| COUNTY DETENTION CENTER, ) | |
| SUSAN CHRISTIE, and NEIL ) | |
| MATTHEWS ) | |

## **MEMORANDUM and ORDER**

Billy A. Mathes, a prisoner in the custody of the Tennessee Department of Correction, brings this *pro se* civil rights action for damages under 42 U.S.C. § 1983, claiming that he was provided inadequate medical treatment while he was confined at the Greene County Detention Center (GCDC). He makes the following allegations of fact in support of his claim.

In November of 2006, while playing cards with his cell mate at the GCDC, plaintiff stood up, passed out, and dropped to the floor. Plaintiff was lying on the floor, feeling pain in his lower back, when defendant Susan Christie, a nurse at the facility, arrived. Defendant nurse "poked around" on plaintiff and, thereafter, announced that he would be spending the night in the drunk tank. Plaintiff, with nothing to support his neck, was carried to the drunk tank on a flat board. Defendant Christie told plaintiff that, if he got cold enough or if his back hurt enough, he would get off the board and climb into his bed which was nearby.

After lying there for about an hour, plaintiff banged on the cell door and, when an officer came to investigate, he told him that his back hurt and that he needed medical attention. Some two hours later, E.M.S. personnel arrived, secured his neck with a support,

and transported him to the hospital, where he was diagnosed as having a lumbar sprain. Defendants' conduct, according to plaintiff, amounted to an infliction of cruel and unusual punishment. Plaintiff seeks the damages of $250,000 from each defendant for the improper medical care he received.

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). If so, this suit must be dismissed.

At the outset, plaintiff has named the GCDC as a defendant. The GCDC is a building–not a suable entity under § 1983. *See Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978); *Cage v. Kent County Correctional Facility*, 113 F.3d 1234, 1997 WL 225647, **1 (6th Cir. May 1, 1997).

The gist of plaintiff's complaint is that defendant nurse failed to follow proper procedures in treating him and failed to reach the correct diagnosis. The Eighth Amendment is violated when a prison official is deliberately indifferent to an inmate's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 103 (1976). However, where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Plaintiff does not indicate that he was refused treatment—indeed, defendant Christie came to plaintiff's cell to render medical attention, as did the E.M.S. attendants. Plaintiff's true claim is that defendant nurse failed to diagnose him as having a lumbar sprain and to treat him accordingly. However, allegations that a medical condition has been negligently diagnosed or treated are not actionable under § 1983, and the mere fact that the

victim happens to be a prisoner does not convert what, at best, is a medical malpractice claim into a constitutional violation. *Estelle*, 429 U.S. at 106.

For this reason, plaintiff's assertion that he was given improper medical treatment fails to state a viable claim entitling him to relief under § 1983. And, because plaintiff's allegations do not entitle him to relief under § 1983, this action will be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2); § 1915A.

A separate order shall enter.

ENTER:

s/ Leon Jordan
United States District Judge